IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DAVID J. LUJAN, | CIVIL CASE NO. 09-00017 |
| Plaintiff, | |
| vs. | **REPORT & RECOMMENDATION** |
| GIRARDI / KEESE, a general partnership; GRAHAM LIPPSMITH, an individual; the J.L.H. TRUST, a Cook Islands Trust; KEITH A. WAIBEL, an individual and as a Trustee of the J.L.H. TRUST; ROGER SLATER, an individual; GRANT THORNTON, a Guam entity; and DOES 1 through 20, | 1. To Grant Motion to Remand<br><br>and<br><br>2. To Take No Further Action on the Motion to Sever and Dismiss or, in the Alternative, Transfer or Stay Plaintiff's Defamatory Claim |
| Defendants. | |

This matter came before the court for hearing on two motions: the defendants Girardi/Keese and Graham Lippsmith's Motion to Sever and Dismiss or, in the Alternative, Transfer or Stay Plaintiff's Defamatory Claim (the "Girardi Motion") and the plaintiff's Motion to Remand. *See* Docket Nos. 7 & 12 respectively. On June 30, 2009, the Chief Judge referred the motions to the below-signed Magistrate Judge, and the court heard oral argument on August 11, 2009. Kathleen Fisher and Rodney Jacob appeared on behalf of the plaintiff David Lujan (the "Plaintiff"). Representing defendants Girardi/Keese and Graham Lippsmith (collectively referred to as the "Girardi Defendants") was Joseph Razzano, and defendants Keith Waibel, the JLH Trust, Roger Slater, and Grant Thornton (collectively referred to as the "Trust Defendants") were represented by G. Patrick Civille.

Upon review of the pleadings, and with due consideration of the parties extensive argument and the applicable caselaw, the court hereby issues the following report and recommends the Chief Judge grant the motion to remand and deny the Girardi Motion as moot.

## FACTUAL BACKGROUND

On February 3, 2009, Junior Larry Hillbroom ("Junior") initiated an action entitled *Junior Larry Hillbroom v. David J. Lujan,* Civil Case No. 09-00841 (the "California Action") in the Central District of California.[1] The suit alleged claims against David Lujan, Barry Israel, and Keith Waibel[2] for legal malpractice, negligence, breach of fiduciary duty, fraud, RICO violations, civil conspiracy, and violations of the California Business and Professional Code. Jurisdiction in the California Action was based on federal question jurisdiction and diversity jurisdiction.[3] The first amended complaint, filed April 22, 2009, alleged a broad conspiracy among the defendants to defraud Junior out of millions of dollars he received in connection with the settlement of his father's multi-million dollar estate. Junior asserted the defendants fraudulently and secretly increased their retainer agreement from 38% to 56%.

On May 11, 2009, the Plaintiff filed a complaint in the Superior Court of Guam[4] against the Girardi Defendants and the Trust Defendants. In his Complaint, the Plaintiff asserted the following six causes of action:

///

///

---

[1] In the California Action, Junior is presented by the Girardi/Keese law firm, and Graham LippSmith is an attorney employed at the law firm.

[2] Lujan and Israel served as counsel for Junior in the underlying guardianship and probate proceedings in Guam and the Commonwealth of the Northern Mariana Islands. Waibel was a co-trustee of the JLH trust, which holds in trust, and for the benefit of Junior, Junior's share of his deceased father's estate.

[3] The judge assigned to the California Action is currently considering whether the case should be transferred to this court or the United States District Court for the NMI.

[4] *Lujan v. Girardi-Keese*, Superior Court of Guam Case No. CV-0776-09. This will be referred to as the "Guam Action."

| | CLAIM | DEFENDANT(S) |
|---|---|---|
| I | Defamation | Girardi-Keese and LippSmith |
| II | Intentional Interference with Contract | Waibel, Slater, and Grant Thornton |
| III | Aiding and Abetting in Breach of Duty | Waibel, Slater, and Grant Thornton |
| IV | Contribution (in California Action) | Waibel |
| V | Equitable Indemnification (in California Action) | Waibel |
| VI | Breach of Contract | Waibel and JLH Trust |

The defamation claim against the Girardi Defendants stems from statements Mr. LippSmith made during an interview with KUAM following the filing of the California Action. The second through sixth claims involve disputes arising from the Plaintiff's retainer agreements with the JLH Trust.

On June 2, 2009, the Girardi Defendants, joined by the Trust Defendants, removed the Guam Action to this court on the basis of diversity jurisdiction. *See* Docket Nos. 1 & 5.

On June 8, 2009, the Girardi Defendants filed a motion, along with a supporting memorandum and declaration, to sever the defamation claim from the other claims asserted against the Trust Defendants and to dismiss said claim. *See* Docket Nos. 7-8. As an alternative, if the court denied the motion to dismiss, the Girardi Defendants requested the defamation claim be transferred to the Central District of California or stayed pending conclusion of the California Action. *Id.* The Plaintiff filed an opposition brief to the Girardi Motion, along with a supporting declaration, on July 13, 2009. *See* Docket Nos. 23-24. On July 20, 2009, the Girardi Defendants filed a reply brief to the Plaintiff's opposition. *See* Docket No. 35.

On June 16, 2009, the Plaintiff filed a motion and supporting memorandum to remand this matter to the Superior Court of Guam on the basis that this court had no jurisdiction over the Guam Action. *See* Docket Nos. 12-13. On July 13, 2009, the Girardi Defendants and Trust Defendants each filed an opposition brief to the Plaintiff's motion. *See* Docket Nos. 20 and 22 respectively. On July 20, 2009, the Plaintiff filed a reply brief to each opposition brief, along with a supporting declaration. *See* Docket Nos. 37-39.

///

# ANALYSIS

Pursuant to Section 1441(b) of title 28, United States Code, a civil action "shall be removable *only if none of the* parties in interest properly joined and served as *defendants is a citizen of the State in which such action is brought*." 28 U.S.C. § 1441(b) (emphasis added).

The Girardi Defendants removed the Guam Action to this court on the basis of diversity jurisdiction. *See* Docket No. 1 at 2, ¶1. In removal actions, the Court is guided by two basic principles. First, the party seeking removal has the burden of establishing that the federal court has jurisdiction. *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993). Second, because "federal courts are courts of limited jurisdiction," *Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009), removal statutes are to be strictly construed against removal jurisdiction with all doubts resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The court must first resolve the jurisdiction challenge raised in the Motion to Remand before it can address the issues raised in the Girardi Motion. If the court is satisfied that it may exercise jurisdiction over the Guam Action, it can then determine whether it will "sever and dismiss" the defamation claim as requested by the Girardi Defendants.

## A. Motion to Remand

"When an action is removed based on diversity, complete diversity must exist at removal." *Miller v. Grgurich*, 763 F.2d at 372, 373 (9th Cir. 1985). In this case, the existence of diversity jurisdiction clearly does not appear on the face of the Plaintiff's Complaint. The Plaintiff is a citizen and resident of Guam, and the Complaint asserts that Mr. Salter is also a citizen and resident of Guam. *See* Compl. at ¶¶1 & 6, attached as Exh. A to Notice of Removal, Docket No. 1. Furthermore, according to the Complaint, "Grant Thornton is an entity organized and existing under the laws of Guam with its principal place of business in Guam." *Id.* at ¶7.[5]

---

[5] According to the Complaint, the citizenship of the remaining defendants is as follows:
- the Girardi law firm was formed under the laws of California, with its principal place of business in California;
- Grant LippSmith is a citizen of California;

Despite the facial lack of complete diversity, the Girardi and Trust Defendants maintain that this court has jurisdiction because Mr. Slater and Grant Thornton (both shall be referred to jointly as the "Guam Defendants") are merely "sham defendants" who were "fraudulently joined" to defeat jurisdiction. The Girardi Defendants advance a second reason for maintaining the Guam Action in this court based on the "procedural misjoinder" doctrine adopted by the Eleventh Circuit in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir 2000). The court will separately analyze each of these arguments.

1. <u>Fraudulent Joinder - Applicable Standard</u>

"Fraudulent joinder is a term of art". *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder is an exception to the complete diversity requirement and occurs when a plaintiff sues a diverse defendant in state court and joins a resident defendant even though the plaintiff has no reasonable basis for a claim against the resident defendant. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.*

The court is guided by the Ninth Circuit's instruction:

> In deciding whether a cause of action is stated, we have declared that we will "look only to a plaintiff's pleading to determine removability." And, we have commented that we will determine the "existence of federal jurisdiction . . . solely by an examination of the plaintiff's case, without recourse to the defendant's pleadings." At least that is true when there has not been a fraudulent joinder. Where fraudulent joinder is an issue, we will go somewhat further. "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (*internal citations omitted*).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v.*

---

- the JLH Trust is organized and registered under the law of the Cook Islands; and
- Mr. Waibel is a resident of California.

*Roadway Package Sys., Inc.*, 141 F. Supp.2d 1005, 1008 (N.D. Cal. 2001). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. V. Dow Chemical Corp.*, 494 F.3d 1003, 1206 (9th Cir. 2007).

A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the non-diverse defendant. *Plute*, 141 F. Supp.2d at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506 at *3 (N.D. Cal. Dec. 11, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp.2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992). This is because the "[r]emoval jurisdiction is statutory and strictly construed." *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *Plute*, 141 F. Supp.2d at 1008.

Applying the above standards, the court must next determine whether the Girardi and Trust Defendants have met their heavy burden in proving by clear and convincing evidence that under well-settled Guam law the Plaintiff cannot state a claim against the Guam Defendants.

    2.    <u>Whether Plaintiff has Asserted Causes of Action Cognizable Under Guam Law Against Guam Defendants</u>

In this case the Plaintiff asserts two causes of action (Claims II and III of the Complaint) against the Guam Defendants: intentional interference with contract and aiding and abetting in Mr. Waibel's breach of duty as a fiduciary. *See* Compl. at ¶¶52-61. The Girardi and Trust Defendants must establish that, under settled Guam law, it obviously is not possible to bring these claims against the Guam Defendants.

    a.    <u>Intentional Interference with Contract</u>

Under Guam law, to establish liability for intentional interference with contract, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a

third party, (2) the defendant's knowledge of that contract, (3) an act by the defendant intended to induce a breach or disruption of the contractual relationship, (4) an actual breach or disruption of the contract, and (5) resulting damages. *Brown v. Eastman Kodak Co.*, CV1890-92 (Super. Ct. Guam Dec. 30, 2005) (Bordallo) at 6; *Preuc v. continental Micronesia, Inc.*, CV 0069-96 (Super. Ct. Guam Dec. 14, 1999) (Unpingco) at 15; *JWS Refrigeration and Air conditioning, Ltd. v. Engineering Mgmt. and Consulting Co., Inc.*, CV 1133-87 (Super. Ct. Guam Dec. 22, 1988) (Diaz) at 8.

A review of the Plaintiff's Complaint reveals that the Plaintiff has alleged the requisite elements to establish a claim for intentional interference with contract. With regard to the first element, ¶22 of the Complaint describes the 1998 retainer agreement the Plaintiff entered into with Naoko Imeong, Junior's co-guardian and co-guardian *ad litem* wherein the Plaintiff and co-counsel would receive 38% of Junior's recovery from his father's estate. Additionally, ¶27 discusses the 1999 Amended Retainer Fee Agreement between the Plaintiff and the JLH Trust under which the contingency fee was increased to 56%. In ¶53 of the Complaint, the Plaintiff asserts that Mr. Waibel and the Guam Defendants were aware of the existence of the retainer agreements. The third element is satisfied by ¶36 which alleges that

> "the Trust, Waibel, Slater and Grant Thornton . . . developed a scheme to blame [the Plaintiff] for the poor state of the Trust. . . . Waibel schemed . . . to cause the Trust not to pay [the Plaintiff] funds he was due under one or both of the [r]etainers. Waibel, Slater, [and] Grant Thornton . . . created accounting to try to get Lujan to forego his right to receive payment due under the [r]etainers and to coerce him to pay millions of dollars to the Trust, thereby covering up Waibel's investment losses and saving his lucrative position as Trustee of the Trust."

Compl. at ¶36. The fourth element is satisfied by ¶40 wherein the Plaintiff asserts that the Trust received a substantial amount of money federal tax refunds and, under the terms of the retainer agreements, the Plaintiff contends he had a vested interested in these funds, however, the Plaintiff claims that Mr. Waibel caused the Trust not to pay the Plaintiff his share of several million dollars. Finally, ¶¶36, 40 and 55 satisfy the fifth element's required showing of resulting damages. Based on the allegations in the Complaint, the court finds that the second cause of action as pled by the Plaintiff meets the requirements for pleading a claim of intentional interference with contract.

The Girardi and Trust Defendants argue that the Guam Defendants can not be held liable for intentionally interfering with the Plaintiff's right to payment under the retainer agreements because the Guam Defendants were agents for the JLH Trust acting within the scope of their agency. As such, the Guam Defendants stand in the place of their principal (the JLH Trust) and cannot be held liable for inducing a breach of the principal's contract.

The Plaintiff counters the defendants' argument by asserting that under Guam law, the existence of an agency relationship generally presents a question of fact. The Plaintiff notes that the defendants have made no factual showing regarding the scope of the agreements between the JLH Trust and the Guam Defendants. Additionally, the Plaintiff argues that the agent immunity rule does not apply here since the Plaintiff asserts that Grant Thornton and Mr. Slater were not acting as agents of the JLH Trust but of Mr. Waibel in his individual capacity. The Plaintiff has sued Mr. Waibel in his individual capacity and as trustee of the Trust. The Plaintiff contends that Mr. Waibel used Trust assets for his own personal gain, and it is in Mr. Waibel's individual capacity that Mr. Waibel, Grant Thornton, and Mr. Slater created the alleged false accountings to trick the Plaintiff into foregoing his right to payment under the retainer agreements. *See* Compl. at ¶¶33-36.

The Superior Court of Guam has recognized that "the agent immunity rule does not preclude the subjection of agents to conspiracy liability for conduct which the agents carry out as individuals for their individual advantage and not solely on behalf of the principal." *Calvo v. Guam Medical Plaza, L.P.*, CV1289-02 (Super. Ct. Guam Aug. 19, 2005) (Bordallo) at 4 (internal quotations omitted). Whether the Guam Defendants were acting as agents for the Trust or for Mr. Waibel in his individual capacity is a question of fact for the jury to decide. *See Armored Express Serv. Inc. v. The Baldwin Corp*, CV1601-01 (Super. Ct. Guam Apr. 21, 2004) (Lamorena) at 5. If an agency relationship existed, the Girardi and Trust defendants have not filed any declaration or submitted facts which prove the existence of such a relationship with the Trust to counter the Plaintiff's contentions that the Guam Defendants were agents of Mr. Waibel in his individual capacity. The Guam Defendants' assertion of agent immunity goes to the merits of the action and is better propounded as a defense to an otherwise valid cause of action.

### b. Aiding and Abetting a Breach of Fiduciary Duty

With regard to the Plaintiff's third claim against the Guam Defendants for aiding and abetting a breach of fiduciary duty, the Girardi Defendants and Trust Defendants contend that said claim is not a viable cause of action because there is no liability for aiding and abetting a breach of contract, only liability for aiding and abetting in the commission of an intentional tort.

The Plaintiff has countered by noting that the Complaint states the Guam Defendants aided and abetted the Trust's *breach of duty* regarding fees due to the Plaintiff. The Plaintiff contends that the JLH Trust and/or Mr. Waibel's possession of fees rightfully due the Plaintiff under the retainer agreements created a "constructive trust," and, as a result, the Trust and Mr. Waibel as Trustee owed the Plaintiff a fiduciary duty which they breached by withholding the funds and engaging in the alleged misconduct.

With regard to the Girardi and Trust Defendants' argument that a claim for aiding and abetting a breach of fiduciary duty is not recognized under Guam law, the Plaintiff cites to the case of *TNN Guam, Inc. dba Hotel Nikko Guam v. Jale Management Information Services, Inc. dba Information and Data Systems,* CV0516-07 (Super. Ct. Guam June 26, 2008 and July 6, 2009) (Maraman). The court has read Judge (now Justice) Maraman's lengthy and well reasoned decision, which recognized for the first time on Guam the tort of aiding and abetting a breach of fiduciary duty. Additionally, in *TRI Enter. Inc. v. Villanueva*, CV1016-07 (Super. Ct. Guam Mar. 30, 2009) (Sukola) at 19, the Superior Court of Guam held that liability as an aider and abettor may be imposed on one who knows that another's conduct constitutes a breach of duty and substantially assists or encourages the breach. Contrary to the Girardi and Trust Defendants' contentions, it would appear that Guam does recognize a claim for aiding and abetting a breach of fiduciary duty based on these court decisions. Because the Supreme Court of Guam has not held otherwise, the court must accept the rulings of the Superior Court of Guam on matters of local law.

According to the *TNN Guam* decisions, the elements of the common law tort of aiding and abetting breach of fiduciary duty are: (1) the primary tortfeasor breaches a fiduciary duty which he owes to the victim-plaintiff; (2) the aider-abettor defendant has actual knowledge of

the breach, i.e., the specific primary wrong; (3) the aider-abettor defendant lends the primary tortfeasor substantial assistance or encouragement in committing the breach; and (4) the victim-plaintiff suffers damages proximately caused by the breach.

In this case, allegations supporting the existence of the first element may be found in ¶40 of the Complaint. Therein, the Plaintiff alleges entitlement to a share of a substantial amount of money the Trust received in federal tax refunds and that Mr. Waibel caused the Trust not pay the Plaintiff his share of said funds as required by the terms of the retainer agreements. While these allegations do not specifically mention the existence of a "trust," read liberally this paragraph does allege the existence of a constructive trust over the funds resulting from the Mr. Waibel's actions in causing the Trust not pay the Plaintiff his rightful share. Additionally, assertions regarding the breach of fiduciary duty can also be found in ¶60 of the Complaint. As to the second element requiring actual knowledge of the breach by the aider-abettor, the court finds this element satisfied by the assertion in ¶58 that the defendant knew the Trust's refusal to perform under the terms of the retainer agreements constituted a breach of duty to the Plaintiff. The third element requiring substantial assistance is sufficiently pled in ¶59, and the fourth element – damages – can be found in ¶¶40 and 61.

The court finds that the Complaint sufficiently states a cause of action against the Guam Defendants for aiding and abetting in a breach of fiduciary duty. While the allegations in the Complaint may merely state a short claim, the court must judge the sufficiency of such pleading under the Guam Rules of Civil Procedure, as interpreted by the Supreme Court of Guam and the Superior Court of Guam. "Guam only requires notice pleading, not fact pleading." *Guam Election Comm'n v. Responsible Choices for All Adults Coalition*, 2007 Guam 20 ¶94, 2007 WL 4689002 *20 (Guam Dec. 28 2007) (citing Guam R. Civ. P. 8(a)[6]). When read as a whole and not in isolation, the allegations in the Complaint sufficiently allege causes of action against the Guam Defendants under the second and third claims.

---

[6] Similar to its federal counterpart, Rule 8(a) of the Guam Rules of Civil Procedure merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Guam R. Civ. P. 8(a)(2).

The court finds that the Guam Defendants are not "sham defendants." Because the removal statute is strictly construed against removal jurisdiction, even when a cause of action is inartfully or ambiguously pled, the court finds the Girardi and Trust Defendants have failed to establish that the second and third causes of action of the Complaint are "obviously" precluded by "settled Guam law." The Girardi and Trust Defendant have failed to establish diversity jurisdiction under the fraudulent joinder doctrine. Thus, the court must examine the Girardi Defendants' second argument to support the continued retention of this case in this court.

3. "Procedural Misjoinder" Theory

The Girardi Defendants next argue that the Plaintiff misjoined the claim against the Girardi Defendants (*i.e.*, Claim I for defamation) with the claims against the Trust Defendants (Claims II - VI). The Girardi Defendants contend that there are two distinct sets of claims contained in the Complaint which do not arise out of the same transaction, occurrence, or series of transactions and occurrences. The Girardi Defendants claim that under the *Tapscott* doctrine of "procedural misjoinder," a plaintiff may *not* defeat diversity jurisdiction simply by fraudulently joining a resident defendant having no real connection with the claim against the diverse defendant. In response, the Plaintiff asserts that the *Tapscott* procedural misjoinder doctrine has not been adopted by the Ninth Circuit (although the Ninth Circuit has not rejected it either) and it should not be applied here.

In contrast to fraudulent joinder where a plaintiff seeks to defeat diversity jurisdiction by asserting a frivolous or non-viable claim against a non-diverse defendant, procedural misjoinder typically occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse defendant against whom the plaintiff has a reasonable basis for a claim, but the claim has little or nothing to with the plaintiff's claim against the diverse defendant. In *Tapscott*, the Eleventh Circuit found procedural misjoinder to be no more permissible than the fraudulent joinder of defendants to circumvent diversity jurisdiction. *Tapscott*, 77 F.3d at 1360.

In *Tapscott*, the plaintiff – an Alabama resident – originally filed his state law class action against four defendants, one of which was an Alabama resident. The claims in the initial complaint included a civil conspiracy arising from the sale of "service contracts" on

automobiles sold and financed in Alabama. The first amended complaint asserted claims identical to those in the original complaint, but added 16 plaintiffs and 22 defendants. The second amended complaint contained four additional plaintiffs, all of whom were Alabama residents, and three additional defendants, including Lowe's, a North Carolina resident. "Joinder of these codefendants was accomplished exclusively through Rule 20." *Id.* 77 F.3d at 1355, n.1. Unlike the initial and first amended complaints, the second amended complaint alleged violations of state law arising from the sale of "extended service contracts" in connection with the sale of retail products. The result of the amended claims and joinder of parties under Rule 20 was to create two distinct groups of named plaintiffs and defendants: the "automobile class" which was non-diverse and the "merchant class," which included diverse defendant Lowe's. Only two of the named plaintiffs asserted claims against Lowe's. *Id.* at n.2.

Lowe's then removed the putative class action to federal court, asserting diversity jurisdiction, and thereafter filed a motion to sever the claims against it from the claims against the automobile class defendants. The district court granted the motion to sever and denied the plaintiffs' motion to remand because it found "no allegation of joint liability between Lowe's and any other defendant and no allegation of conspiracy" and "held there was an 'improper and fraudulent joinder, bordering on a sham.'" *Tapscott*, 77 F.3d at 1360.

On appeal the Eleventh Circuit affirmed the district court on the issue of misjoinder, noting that (1) joinder of the defendants had been accomplished solely through Rule 20, and (2) the plaintiffs had not contended that Lowe's was properly joined with the non-diverse defendants. The Eleventh Circuit held there was misjoinder under Rule 20 because there was "no real connection" between the two sets of alleged transactions and they were wholly distinct from one another. The court emphasized that it did "not hold that mere misjoinder is fraudulent joinder but . . . Appellants' attempt to join these parties is so egregious as to constitute fraudulent joiner." *Id.*

Unlike *Tapscott*, there has been no improper joinder here; the Girardi Defendants were not joined to an already existing action. Rather, the Plaintiff here has brought his claim against the Girardi Defendants and the Trust Defendants in one complaint. The Girardi Defendants

essentially ask this court to restructure the complaint by adopting a new doctrine – procedural misjoinder – which results in severance of the defamation claim from the other claims. The court has grave concerns about doing so because the Ninth Circuit has not adopted the doctrine and because of the general principle that the plaintiff is the master of his complaint and is free to decide what claims to bring. While the court acknowledges that the defamation action against the Girardi Defendants differ in its basic elements compared to the remaining claims against the Trust Defendants, the Plaintiff alleges a connection of these claims. The Plaintiff states that all of his causes of action against all the defendants "arise out of or relate to the same facts and law: namely, his representation of Junior's interest in the Hillbloom Estate litigation and related litigation" and his contingent fee agreements. Pl.'s Mem. of P. & A. in Opp'n to Girardi Mot. (Docket No. 23) at 5. The Plaintiff asserts that the defamation action relates to the contingency fee agreements and whether he "stole" money from Junior. At this stage of the proceedings, it appears that the Plaintiff has shown the existence of some connection between all the causes of action asserted in the Complaint.

Finally, the court notes that initially the Girardi Defendants believed that the Plaintiff's defamation claim was a compulsory counterclaim to the California Action. *See* Girardi Defs.' Mem. of P. & A. in Supp. of Girardi Mot. (Docket No. 8) at 16. The Girardi Defendants argued that the facts necessary to prove the truth of the allegedly defamatory statements and the facts necessary to prove the allegations in the California Action "are identical or, at a minimum, substantially overlap." *Id.* Now, however, the Girardi Defendants argue that the defamation claim is not a compulsory counterclaim because it does not arise out of the same transaction, occurrence, or series of transactions or occurrences as his claims against the Trust Defendants. These competing arguments as to whether the defamation claim is or is not a compulsory counterclaim to the California Action may be properly addressed to the forum having appropriate jurisdiction. The court agrees with the Plaintiff and finds that there may be questions of fact or law common to all defendants that will arise in the action. Such permissive joinder of defendants is allowed under Rule 20(a)(2)(B) of the Federal Rules of Civil Procedure. Even if the court were to apply the *Tapscott* procedural misjoinder doctrine to this case, under

the facts presented here the court does not find the bringing of the claims under one Complaint "so egregious" as to be fraudulent.

As the removing parties, the Girardi and Trust Defendants have the burden of establishing that this court has diversity jurisdiction over the action. The court finds that they have failed to show the existence of diversity jurisdiction under either the fraudulent joinder theory or the procedural misjoinder doctrine. Accordingly, the court recommends the Chief Judge grant the motion to remand this matter to the Superior Court of Guam.

### 4. Amount in Controversy Does Not Exceed $75,000

Even if the Girardi Defendants were able to meet the complete diversity of citizenship requirement, the Plaintiff also argues that the Defendants have not presented any facts to show that the amount in controversy exceeds $75,000.[7] Unless this jurisdictional amount is satisfied, the Plaintiff contends the action must be remanded back to the Superior Court of Guam.

In removed diversity cases where the amount in controversy is in dispute and where it is unclear from the plaintiff's complaint whether the plaintiff is seeking more than $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In light of the court's finding that the Girardi and Trust Defendants have failed to meet their burden in establishing that this court has diversity jurisdiction under either the fraudulent joiner or procedural misjoinder doctrine, the court finds it unnecessary to further address the issue of whether the jurisdictional amount has been satisfied.

### 5. Award of Attorney Fees and Costs

Finally, the Plaintiff requests that he be awarded attorney fees and costs incurred as a result of defending against removal of the Guam Action. Pursuant to Section 1447(c), "[a]n

---

[7] Diversity jurisdiction exists under Section 1332 only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

order remanding the case may require payment of just costs and any actual expenses, including attorney fees." 28 U.S.C. § 1447(c). The Plaintiff contends that such an award is justified under the circumstances because the Girardi Defendants had no objectively reasonable basis for removing the action.

The Girardi and Trust Defendants maintain that if the court decides to remand the matter, it should not award attorney fees and costs as requested. They point out that in determining whether a defendant's basis for removal is "objectively reasonable," the Ninth Circuit considers "whether the relevant case law clearly foreclosed the defendant's basis of removal" and "the clarity of the law at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

In this case, although the Girardi and Trust Defendants' arguments to support removal have not prevailed, the arguments raised were not "clearly foreclosed." For instance, the Girardi Defendants' request for the court to apply the *Tapscott* procedural misjoinder theory has been adopted in two circuits and has not been clearly rejected by the Ninth Circuit. Thus, the court will exercise its discretion in this matter and recommend that the Chief Judge deny an award of fees and costs.

**B.     Girardi Motion (Motion to Sever and Dismiss, or in the alternative, Transfer or Stay)**

Based on the above analysis, the court finds it is without jurisdiction to entertain the Girardi Defendants' motion to sever the defamation claim and then dismiss it, transfer it to the Central District of California, or stay the claim pending the final outcome in the California Action. The Girardi Motion presumes the court has jurisdiction, but, as discussed above, the Guam Action was improperly removed to this court and must be remanded to the Superior Court of Guam. The local court is more than capable of determining the Girardi Motion. Accordingly, the court recommends that the Chief Judge decline to take further action on said motion based on a lack of jurisdiction.

**RECOMMENDATION**

The court finds that complete diversity does not exist between the parties. The Guam Defendants were not fraudulently joined, nor is the *Tapscott* procedural misjoinder theory

applicable to this case. Because the court has no diversity jurisdiction over this action, the court finds that the matter was improperly removed to this court. Accordingly, the court recommends that the Chief Judge (1) **GRANT** the Motion to Remand, (2) **DENY** the Plaintiff's request to impose attorney fees and costs against the Defendants, and (3) **DECLINE TO TAKE FURTHER ACTION** on the Girardi Defendants' multi-part motion on the basis that the court has no jurisdiction over the action to grant the relief sought.

IT IS SO RECOMMENDED.

/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
**Dated: Aug 18, 2009**